UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN (Detroit)
CASE NO.: 2:06-CV-10056-DPH-MKM

DISABLED PATRIOTS OF AMERICA,
a Florida not-for-profit corporation, and          CASE NO. 06-10056
EFREM WALKER, Individually,

                                                          DENISE PAGE HOOD
            Plaintiffs,     UNITED STATES DISTRICT JUDGE
vs.

FOUR TOWERS, LLC, a Michigan
Limited Liability Co.,

            Defendant
_____/

# CONSENT DECREE

     This Consent Decree is entered into by and between and, hereinafter sometimes referred to as "Plaintiffs", and, hereinafter sometimes referred to as "Defendant", on the date last executed below.

     WHEREAS: The Defendant's property is known as Four Points by Sheraton Hotel Suites and is located at 30000 Van Dyke Avenue, Warren, Michigan 48093.  Plaintiffs claim that there are architectural barriers existing at the Defendant's property that constitute violations of the Americans With Disabilities Act that unlawfully limit the Plaintiffs' use of the property. Defendant does not admit all of the allegations of the Plaintiffs' Complaint, but recognizes that the Plaintiffs might prevail and  receive some of the relief on the merit of their claim.  In consideration for resolving all matters in dispute, the parties have agreed to the following terms and conditions subject to the Court entry of an Order Approving and Entering the Consent Decree.

        1.     All alterations, modifications, and policies required by this Consent Decree shall be completed prior to the reinspection date set forth below, unless a different completion date is otherwise stated herein. A final property reinspection conducted by Plaintiff(s) will take place on or after 11/15/06 to ensure that the modifications to the subject property required below for barrier removal have been completed. Plaintiffs' counsel, expert(s) and/or representatives shall be provided access to the building to conduct a reinspection and to verify commencement, progress and completion of the work required hereby.  In any event, Defendant or its counsel, shall notify Plaintiffs' counsel by Certified Return Receipt Mail when all improvements contemplated herein are completed.  In the event of non-compliance with the terms and conditions of this agreement, Plaintiffs shall be entitled to immediate injunctive relief.

        2.     Defendant shall pay Plaintiffs' counsel, Fuller, Fuller and Associates, P.A., and Goren, Goren & Harris, P.C. for Plaintiffs' attorneys' fees, litigation expenses and

costs incurred in this matter, and Plaintiffs' expert(s), for Plaintiffs' expert fees and costs incurred in this matter. The amounts to be paid shall be established by counsel for the parties by separate letter agreement, which is incorporated as part of this Consent Decree. If, however, counsel for the parties are unable to determine the attorneys' fees, including litigation expenses, expert's fees and costs to be paid, the amount to be paid shall be determined by the District Judge or a Magistrate Judge as the Court deems appropriate. If determined by a Magistrate Judge the parties agree that the Magistrate Judge may enter a final judgment pursuant to 28 U.S.C. § 636(c). Upon notifying the Court of the settlement of this action, the parties shall request the Court to refer this matter to the United States Magistrate for determination of the amount of fees, litigation expenses and costs to be awarded. Upon agreement by the parties or determination by the District Judge, Court, or a Magistrate Judge of the attorneys' fees, litigation expenses, expert's fees and costs issue, such fees and costs shall be paid to Plaintiffs' counsel and expert, as the case may be, on or before ten (10) days from the date of such agreement or determination.

3. When all issues are resolved between the parties, the parties hereby agree and will request the Court to approve and enter the Consent Decree, providing for retention of jurisdiction by the Court to enforce, as necessary, the terms of this Decree.

4. In any action to enforce this Consent Decree, the prevailing party shall be entitled to attorneys' fees, costs and expert fees.

5. This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective successor and/or assigns. The parties shall perform their obligations under this Consent Decree in good faith.

6. The parties agree that any delays in making the modifications to the property as provided for pursuant to this Consent Decree caused by third parties, including but not limited to construction contractors, or city building officials, inspectors, or permitting departments, will not be deemed to violate the compliance dates herein as long as the Defendant makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

7. Upon the Court's approval of this Consent Decree and upon the Defendant's full compliance with the terms and conditions of this Consent Decree, Plaintiffs hereby release and discharge Defendant, its officers, employees, agents, successors and assigns from any and all claims and causes of action which it has had arising under the Americans With Disabilities Act.

8. All references to the ADAAG refer to the following:

    28 CFR Chapter 1 Part 36, App. A. (7-1-98 edition) - ADAAG

9. The parties acknowledge that the modifications described in this Consent Decree shall be implemented according to the standards set out in the ADAAG. All

references to figures in the paragraphs below refer to those that accompany the ADAAG and that more fully describe the considered full compliance with the ADA.

10. This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page.  A facsimile copy of any parties signature shall be deemed as legally binding as the original signatures.

11. The Defendant is advised that under certain circumstances a tax credit and/or tax deduction may be available to businesses to help cover the cost of making access improvements. (See Sections 44 and 190 of the Internal Revenue Code).

12. The Defendant shall complete all modifications and submit to Plaintiffs' counsel a report summarizing the actions it has taken pursuant to this Consent Decree by 11/1/06.

13. The Defendant agrees to correct by no later than 11/1/06, the ADA violations referred to in the report of ADA Compliance Team, Inc. dated 3/22/06.

14. The Defendant agrees to modify the property as follows:

# PARKING

A. **NUMBER OF DISABLED PARKING SPACES.**

*4.1.2(5)(a-e)*

The Defendant shall provide six (6) disabled parking spaces on the property, in accordance with the requirements of ADAAG 4.1.2(5)(a-e). Defendant shall provide at least one (1) van accessible parking space.

**Complete By: 11/1/06**

B. **THE DESIGN OF THE PARKING SPACES SHALL CONFORM WITH THE ADA REQUIREMENTS.**

4.1.2(5), 4.6.3

The disabled parking spaces shall conform to the requirements of ADAAG section 4.1.2, which provides for the disabled parking spaces to be 8' with a 5' access aisle, except that one (1) in every eight (8) accessible spaces, but not less than one (1), shall be served by an access aisle 96" inches wide minimum and shall be designated "van accessible". Two (2) accessible parking spaces may share a common access aisle. Parking spaces and access aisles shall be level with surface not exceeding 1:50 (27%) in all directions. Each accessible parking spaces shall be designated as reserved by a vertically mounted or suspended sign showing the symbol of accessibility (see 4.30.7). Spaces complying with 4.1.2 (5)(b) shall have an additional sign "Van Accessible" mounted below the symbol of accessibility.

**Complete By: 11/1/06**

C. **THERE SHALL BE AN APPROPRIATE ACCESSIBLE ROUTE FROM THE PARKING SPACES TO THE FACILITY.**

4.5.4, 4.5.1, 4.3.2, 4.3.3, 4.3.6, 4.3.7, 4.3.8, 4.6.3, 4.6.6

The existing accessible route from the designated accessible parking spaces to the front entrance has a ramp without edge protection as required. Therefore, the Defendant shall correct this condition so that the accessible route from the designated accessible parking spaces to the front entrance has a ramp with adequate edge protection.

**Complete By:11/1/06**

# PUBLIC RESTROOMS

**D.    THE DEFENDANT'S PUBLIC RESTROOMS SHALL BE ACCESSIBLE TO THE DISABLED.**

*4.13.5, 4.13.6, 4.13.7, 4.13., 4.27, 4.19.2, Figure 31, 4.17.6, 4.23.4, 4.19.4, 4.2.5, 4.18, 4.23.5, 4.23.6, 4.19.6, Figure 38, 4.17.3, 4.17.5, 4.16, Figure 28 and 29a, Figure 29b, 4.17, et seq., 4.18, et seq., 4.19, et seq., Figures 30, 31, 32, 4.26, et seq.*

The Defendant agrees to provide in each restroom that includes a stall, a Type "A" stall that conforms with Figure 30(a) of the ADAAG. Where there is only a single user toilet room (and not a stall), the Defendant shall provide a toilet room that complies with ADAAG 4.16 and 4.22 and Figure 28, as to clear floor space, and Figure 29, as to grab bars at the water closet. The Defendant reserves the right to provide a unisex restroom if the Defendant is allowed by county ordinance or state law to do so.

In addition to the foregoing, where applicable, all restrooms shall have accessible mirrors, grab bars, dispensers, sinks with lever handles and insulation, and disabled toilet(s) at the proper height.

The Defendant agrees to make all of the corrections necessary to bring the restrooms into compliance with the ADA. The Defendants shall provide at least one (1) accessible restroom with an A stall that conforms with Figure 30(a) of the ADAAG.

**Complete By: 11/1/06**

## SIGNAGE

**E.    THE DEFENDANT SHALL PROVIDE SIGNS THROUGHOUT THE FACILITY ADVISING THE DISABLED OF THE ACCESSIBLE ELEMENTS OF THE FACILITY**

*4.30  et seq.*

The defendant shall provide signs advising the disabled of the accessible elements of the facility. This includes but is not limited to parking signs, restroom signs, signs indicating the accessible route and where there are inaccessible entrances signs directing the disabled to the accessible entrance.

ADA compliant signage shall be prominently displayed indicating that where applicable, assistance is available upon request.

**Complete By: 11/1/06**

## HOTELS

**F.    THE DEFENDANT GUEST ROOMS' SHALL BE ACCESSIBLE TO THE DISABLED AND THE ACCESSIBLE  ROOMS  SHALL BE PROPORTIONAL**

### TO THE  CLASSES OF ACCOMMODATION .

*9.1, et seq. 4.29 and 4.28 et seq*

The Defendant has a total of 127 guest rooms in its facility.  Pursuant to ADAAG 9.1.2 5 rooms must be fully accessible.  Furthermore, 2 additional rooms must be fully accessible and include roll-in showers for a total of 7  fully accessible rooms.  Additionally, pursuant to ADAAG 9.1.3, additional rooms for the hearing impaired shall be provided in the number outlined in the chart set forth in ADAAG 9.1.3, and shall include visual alarms, notification devices, and telephones that meet the requirements of ADAAG 9.3.1, or alternatively, the Defendant can provide equivalent facilitation that includes the installation of electric outlets (including outlets connected to the facility's central alarm system.) and telephone wiring in sleeping rooms and suites to enable persons with hearing impairments to utilize portable visual alarms and communication devices provided by the operator at the facility.  The accessible rooms shall be distributed among each class  of rooms available in the hotel and not be available in just one class of accommodation. The Defendant shall reconfigure its fully accessible guest rooms to be accessible not only as to toilet and bathroom facilities but additionally as to path of travel in the room, accessible counter space, accessible tables and closet space.  The Defendant will ensure that lighting controls and air conditioning controls are reachable pursuant to the ADAAG and that visual alarms for both telephones and fire/smoke warnings are installed, as well as notification devices, in the number of rooms mandated by ADAAG 9.1.3; or, alternatively, provide equivalent facilitation as provided in ADAAG 9.3.2 .  Defendant shall correct the barriers to access and ADA violations in the guestrooms that are described with more particularity on page 7 of the report of ADA Compliance Team, Inc. dated March 20, 2006, and shown in the photographs on page 7 of that report.

**Complete By: 11/1/06**

### G.  THE SWIMMING POOL FACILITY SHALL BE ACCESSIBLE TO THE DISABLED

**36.304**

The public shower located at the swimming pool does not provide a shower spray unit with a hose at least 60" long that can be used both as a fixed shower head or a handheld shower control.  Therefore, the Defendant shall correct this condition.

**Complete By: 11/1/06**

### H.  MAINTENANCE OF ACCESSIBLE FEATURES

*ADAAG 36.211*

The Defendant(s) shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Americans with Disabilities Act; notwithstanding same, the Defendant(s) shall not be in default herein in cases where there are isolated or temporary interruptions in service or access due to maintenance or repairs.

**I.     POLICIES AND PROCEDURES TO BE IMPLEMENTED BY 11/1/06**

(a) Four Points shall include a procedure in employee training as well as information about assorted services provided to people with disabilities and how to use them per § 36.302 of the ADAAG.

Defendant shall train staff on check-in procedure, when checking guests with disability such as informing them about what to do in case of a fire, asking if they need an alarm, bench, paddle key, instructions on how to use the close caption on the television, etc. during their stay.

(b) Four Points shall also train staff to lower all the shower units (once installed), and set up the alarm kits upon check-in of a person with a disability.

(c) Four Points shall provide the following items in alternative formats so that blind persons and persons with low visions can read them. Alternate formats include Braille, large print, and audio recordings. These items are as follows: Fire-safety information, maximum room rate information, telephone and television information cards, guest services guides, restaurant menus, room service menus and all other printed materials provided for use by guests.

(d) Four Points shall implement a policy of advising disabled guests of the availability of ADA compliant tub seats.

(e) Four Points staff shall, upon request provide assistance in completing registration information, service request forms and shall read menus, hotel bills and other documents to the guests where Braille, tape, or large print documents are not available.

(f) When handing currency to a guest, personnel shall individually identify each bill to the customer while counting.

(g) Credit cards shall be handed to guests after imprinting, not simply laid on a

    counter or table. shall also provide signature templates for use with persons who are visually impaired.

(h) Four Points personnel shall give verbal descriptions, hands-on demonstrations, and/or provide tactile maps, large-print maps, or recorded materials as aids to way finding for disabled guests.

(i) Four Points shall require the central reservations office to be able to guarantee an accessible room at a customer's request. shall also require the hotel to maintain a list of updated available accessible rooms.

(j) Four Points shall modify the company's website so that will allow users with screen reader software and other similar technology to navigate their way through the website by listening to the text.

(k) Four Points agrees to monitor the condition of the sidewalks and walkways throughout the property to ensure that the surface of the path of travel remains even and unbroken. agrees that when the surface becomes broken and no longer offers a smooth path of travel to the hotel or amenities that will preform repairs.

(l) Four Points shall require all personnel to aid in monitoring the designated accessible parking spaces as well as the accessible routes throughout the property to ensure that the parking spaces have not been illegally parked in, and also to ensure that the accessible route has not become blocked.

(m) Four Points shall develop an evacuation plan that seeks to accommodate people with disabilities in the event of an emergency.

(n) Four Points shall train its staff as to how to assist persons with disabilities who are desirous of getting entry into and out of the hotel swimming pool.

(o) Four Points agrees to monitor the condition of the sidewalks and walkways throughout the property to ensure that the surface of the path of travel remains even and unbroken.

(p) Four Points agrees to maintain the parking spaces within the property so that the paint is always clearly visible.

(q) Four Points agrees to monitor the parking spaces on a reasonable basis.

**J.** **MONA LISA MEETING ROOM**

  Defendant shall correct the ADA violations referable to the Mona Lisa Meeting Room, that are described on page 5 of the report of ADA Compliance Team, Inc. dated March 20, 2006.

2:06-cv-10056-DPH-MKM   Doc # 8   Filed 09/28/06   Pg 9 of 10   Pg ID 62

**SIGNATURES:**

**Parties:**

**FOR THE PLAINTIFF**:


By: /s/ Maria Gallagher                            Date: 5/5/06
    DISABLED PATRIOTS OF AMERICA



By: /s/ Efrem Walker                                Date: 5/5/06
    EFREM WALKER



**DEFENDANT:**


By: /s/ Amer S. Hakim                               Date: 5/10/06
    FOUR TOWERS, LLC



    This Consent Decree is hereby approved and entered with the Court retaining jurisdiction over this matter for the purpose of enforcement of the Consent Decree. This Court hereby dismisses this case With Prejudice.

Date: September 28, 206                    s/ DENISE PAGE HOOD
                                           United States District Judge


#3733 06-10056 Corrected Consent Decree.wpd